United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20288
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONNIE RAE GALBERT,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
No. 4:05-CR-331-1
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Tonnie Galbert appeals his jury-trial conviction of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Galbert argues that the district court erred in denying his motion to suppress the evidence discovered incident to his warrantless arrest. He claims that police officers lacked reason-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

able suspicion to justify a stop of his vehicle and lacked probable cause for his subsequent arrest.

This court reviews a district court's denial of a motion to suppress following live testimony by accepting the trial court's factual findings "unless clearly erroneous or influenced by an incorrect view of the law." United States v. Outlaw, 319 F.3d 701, 704 (5th Cir. 2003). The clearly erroneous standard is particularly strong in such cases because the judge had the opportunity to observe the demeanor of the witnesses. United States v. Santiago, 410 F.3d 193, 197 (5th Cir. 2005). We view the evidence in the light most favorable to the prevailing party and will not second-guess the district court's findings as to the credibility of witnesses. United States v. Garza, 118 F.3d 278, 282-83 (5th Cir. 1997). Questions of law are reviewed de novo, as are the district court's ultimate conclusions of Fourth Amendment reasonableness. United States v. Vasquez, 298 F.3d 354, 356 (5th Cir. 2002)

The totality of facts and circumstances within the officers' knowledge at the moment of Galbert's arrest were sufficient for a reasonable person to conclude that Galbert had committed or was committing an offense. See United States v. Wadley, 59 F.3d 510, 512 (5th Cir. 1995). Thus, there was probable cause for Galbert's arrest. It is well established that an arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment and that a search incident to such an arrest is therefore val-

id and requires no additional justification.  <u>United States v. Her-</u><u>nandez</u>, 825 F.2d 846, 852 (5th Cir. 1987).

Consequently, the district court did not clearly err in denying the motion to suppress the evidence obtained as a result of his arrest.  The judgment is AFFIRMED.